24-2436-cv
*Obie v. Commodity Futures Trading Comm'n*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-five.

Present:

> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> EUNICE C. LEE,
> *Circuit Judges*.

---

STEPHEN JAY OBIE,

> *Plaintiff-Appellant*,

v.                                                      No. 24-2436-cv

COMMODITY FUTURES TRADING COMMISSION, SUMMER K. MERSINGER, in her individual capacity and official capacity, KRISTIN N. JOHNSON, in her individual capacity and official capacity, CHRISTY GOLDSMITH ROMERO, in her individual capacity and official capacity,

> *Defendants-Appellees*.*

---

*The Clerk of the Court is respectfully directed to amend the caption as set forth above.

For Plaintiff-Appellant: JOHN DELLAPORTAS, Emmet, Marvin & Martin, LLP, New York, NY.

For Defendants-Appellees: JEREMY M. LISS (Tara Schwartz, Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a September 6, 2024 judgment of the United States District Court for the Southern District of New York (Clarke, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Stephen Jay Obie appeals from the district court's dismissal of his amended complaint, filed on August 15, 2023, against the Commodity Futures Trading Commission ("CFTC") and CFTC Commissioners Summer K. Mersinger, Kristin N. Johnson, and Christy Goldsmith Romero in their individual and official capacities ("Commissioner Defendants," and collectively with the CFTC, "Defendants-Appellees"), alleging infringement of Obie's First Amendment rights and the Religious Freedom Restoration Act of 1993 ("RFRA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In May 2023, the CFTC's Inspector General, A. Roy Lavik, was placed on paid administrative leave after a unanimous vote by the Commissioner Defendants. Lavik's leave included various mandatory "instructions," including that Lavik was "not to contact or communicate with any CFTC employee or contractor unless specifically instructed by the [CFTC]

2

to do so" (the "no-contact clause"). App'x at 126. Despite ostensibly limiting only Lavik's conduct, Obie, then an attorney employed by the CFTC, alleges that his First Amendment rights were directly impeded by the no-contact clause. Specifically, because Obie and Lavik are "close friend[s]," *id.* at 121, Obie was precluded from engaging with Lavik in collective prayer after Obie learned of the restriction on May 23.

On May 28, 2023, Obie initiated this lawsuit against only the CFTC, asserting that the no-contact clause violated his First Amendment rights and RFRA. Obie moved on May 30 for a temporary restraining order ("TRO") and a preliminary injunction, and the district court held a conference on the motion the next day. During conference, the district court noted that the no-contact clause did not bear directly on Obie, who was permitted to engage in "one-way communication" with Lavik, and there had been no representation that Lavik wanted to engage in prayer with Obie, yet the district court still encouraged the CFTC to accommodate prayer. App'x at 94. In quick succession thereafter, Obie filed a declaration from Lavik on June 1 confirming Lavik's desire to pray with Obie. Subsequently, the CFTC filed a letter on June 2 indicating that Lavik is free to pray without fear of enforcement against him for violating the no-contact clause. On June 7, the CFTC revised the no-contact clause to permit Lavik to pray with any CFTC employee, but ten days later, Lavik retired, rendering Obie's motion for a TRO and preliminary injunction moot.

In mid-August 2023, Obie amended his complaint to add the Commissioner Defendants and sought damages under RFRA and a declaratory judgment that the CFTC did not have the authority to "restrict . . . free speech rights." App'x at 123–24. Obie then retired on August 26, 2023. In September 2024, the district court dismissed the action because, *inter alia*, the

3

Commissioner Defendants were entitled to qualified immunity on Obie's RFRA claim and Obie lacked standing for declaratory relief.[1]   Obie now appeals.

*          *          *

"We review dismissal of a cause of action under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) *de novo*." *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).   "Under these rules, the court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Id.*   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).   "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

## I.    RFRA Claim

Obie contends that the district court erred by finding, at the motion to dismiss stage, that the Commissioner Defendants were entitled to qualified immunity.   Obie argues that qualified immunity is inappropriate, because the Commissioner Defendants' imposition of a blanket no-contact clause violated clearly established law under RFRA by substantially burdening Obie's exercise of religion.   *See Tanvir v. Tanzin*, 120 F.4th 1049, 1065 (2d Cir. 2024) ("[RFRA] prohibits the government [] from substantially burdening an individual's exercise of religion."

---

[1] The district court found that the CFTC was entitled to sovereign immunity, and Obie does not challenge that ruling.

4

(alterations adopted) (internal quotation marks omitted)). The district court found that, as a matter of law, "the Commissioners lacked fair warning that their conduct was unlawful." Special App'x at 9. Obie asserts that "decades of jurisprudence . . . upholding group prayer under the RFRA" provided enough notice. Appellant's Br. at 19.

We agree with the district court that the Commissioner Defendants are entitled to qualified immunity because their response time in lifting the gag order was "objectively reasonable . . . . under the circumstances." *Lennon v. Miller*, 66 F.3d 416, 420-21 (2d Cir. 1995) (internal citations and quotation marks omitted). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Clark v. Valletta*, 157 F.4th 201, 209 (2d Cir. 2025) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Even if Obie succeeds in demonstrating a violation of his clearly established rights, however, the Commissioner Defendants "will still be entitled to qualified immunity if it was objectively reasonable for [them] to believe that [their] acts did not violate those rights." *Id.* (quoting *Outlaw v. City of Hartford*, 884 F.3d 351, 367 (2d Cir. 2018)). The "objective reasonableness" test is met, and the Commissioner Defendants are entitled to qualified immunity, if "'officers of reasonable competence could disagree' on the legality of the defendant's actions." *Lennon*, 66 F.3d at 420 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Here, a fact finder could conclude that the Commissioner Defendants were objectively reasonable in their response to Obie's complaint. Obie filed his lawsuit on a Sunday during a Memorial Day weekend. Measured from the first working day, Tuesday, May 30, 2023, the Commissioner Defendants took three days to familiarize themselves with Obie's case, correspond

with CFTC and Department of Justice attorneys, vote to modify the gag order, and communicate the updated order to Lavik. Under these circumstances—where the gag order at issue was facially neutral, and there was no evidence in the record that the Commissioner Defendants were aware of Obie's desire to pray with Lavik prior to the start of the litigation—a reasonable fact finder could conclude that the Commissioner Defendants' response time was objectively reasonable. *See Lennon*, 66 F.3d at 424 ("The doctrine of qualified immunity serves to protect [officials] from liability and suit when they are required to make on-the-spot judgments in tense circumstances.").

## II.    Claim for Declaratory Relief

Obie argues that the district court erred by dismissing his claim for declaratory relief for lack of standing. On review, we find no such error. A prior injury "is not sufficient to confer standing to sue for injunctive and declaratory relief on any individual who had previously been subjected to [the allegedly impermissible] policy, unless the individual can also show a sufficient likelihood of future harm." *Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021) (alterations adopted) (internal quotation marks omitted). Obie cannot. He has retired from the CFTC, and his claim of a future injury rests on his assertion that he "will consider a return" if the "CFTC cleans up its act, ends its culture of retaliation, and stops trying to ban prayer." App'x at 209. But that basis for injury is improperly "conjectural or hypothetical speculation" that is insufficient to sustain standing for prospective relief. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 97 (2013) (internal quotation marks omitted).

6

## III.    Leave to Replead

In the alternative, Obie contends that the district court should have granted leave to replead. But "[h]aving correctly held that the above claims fail as a matter of law, the district court did not err in denying further leave to amend," especially since Obie had already amended once and has not since identified additional facts that would overcome qualified immunity or establish standing. *Murphy Med. Assocs., LLC v. Yale Univ.*, 120 F.4th 1107, 1115 (2d Cir. 2024) (per curiam).

*        *        *

We have considered Obie's remaining arguments and conclude that they are without merit. Accordingly, for the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court